IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 12-00190 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANCIS S.K. OGATA, SR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 141)**

Defendant is currently incarcerated at the Federal Correctional Institute Terminal Island in California with a projected release date of February 17, 2029.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 141) is **DENIED**.

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v.

1

United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (I) extraordinary and compelling reasons warrant such a reduction;
> ...
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.  Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.  Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A)  Extraordinary and compelling reasons

>                    warrant the reduction; or
>
> > (B)    The defendant (i) is at least 70 years
> >        old; and (ii) has served at least 30
> >        years in prison pursuant to a sentence
> >        imposed under 18 U.S.C. § 3559(c) for
> >        the offense or offenses for which the
> >        defendant is imprisoned;
>
> > (2)    The defendant is not a danger to the
> >        safety of any other person or to the
> >        community, as provided in 18 U.S.C. §
> >        3142(g); and
>
> > (3)    The reduction is consistent with this
> >        policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

> (1) extraordinary and compelling reasons warrant a sentence reduction;
>
> (2) he is not a danger to the safety of others or the community; and,
>
> (3) any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

### C.  Extraordinary And Compelling Reasons

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons."  The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that

4

Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

  (A) **Medical Condition of the Defendant.**–

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

      (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  (B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration

        in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C)  **Family Circumstances.**–
     (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D)  **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. <u>United States v. Hernandez</u>, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

**I.  PROCEDURAL HISTORY OF DEFENDANT'S FEDERAL DRUG CONVICTION AND SUPERVISED RELEASE VIOLATIONS IN 04-CR-00434 ACK-01**

On November 9, 2004, the Government filed an Information, charging Defendant Francis S.K. Ogata, Sr. with one count of Conspiracy to Possess with the Intent to Distribute 5 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846.  (<u>United States v. Francis Ogata</u>, Crim No. 04-00434 ACK-01,

ECF No. 1).

On November 10, 2004, Defendant pled guilty to the one count in the Information.  (ECF No. 2).

On February 28, 2005, Defendant was sentenced to 25 months imprisonment and 3 years of supervised release.  (ECF No. 10).

On August 12, 2005, Defendant was released from incarceration and began serving his term of supervised release.

On April 25, 2008, the Court found that the Defendant violated three conditions of the terms of his supervised release.  (ECF Nos. 23 & 26).

## II.  PROCEDURAL HISTORY OF DEFENDANT'S FEDERAL DRUG CONVICTION IN 12-CR-00190 HG-01 AND CURRENT TERM OF INCARCERATION

On February 16, 2012, the Government filed a one-count Indictment, charging Defendant with Attempting to Possess with Intent to Distribute 50 grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  (United States v. Francis S.K. Ogata, Sr., Crim No. 12-00190 HG-01, ECF No. 10).

On August 29, 2012, the Government filed an INFORMATION TO ESTABLISH PRIOR CONVICTION pursuant to 21 U.S.C. § 851.  (ECF No. 31).

On January 11, 2013, after a five-day jury trial, Defendant was convicted of the one count in the Indictment.  (ECF No. 102).

On July 1, 2013, Defendant was found to be in Criminal History Category III and was sentenced to 240 months

imprisonment, the mandatory minimum sentence applicable given the prior felony drug conviction pursuant to 21 U.S.C. § 851.  (ECF No. 102).

On June 20, 2014, the Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence.  (ECF No. 120).

On June 8, 2015, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255.  (ECF No. 125).

On December 10, 2015, the Court issued an Order Denying Defendant's Section 2255 Motion.  (ECF No. 136).

On June 17, 2020, Defendant filed a pro se Motion seeking compassionate release.  (ECF No. 137).

On June 24, 2020, the Court issued a Minute Order appointing the Federal Public Defender's Office to assist Defendant in seeking compassionate release and setting a briefing schedule. (ECF No. 138).

On July 6, 2020, Defendant requested an extension of the briefing schedule which was granted.  (ECF No. 140).

On July 15, 2020, Defendant filed a Supplemental Motion for Reduction in Sentence (Compassionate Release).  (ECF No. 141).

On July 29, 2020, the Government filed its Opposition.  (ECF No. 145).

On August 5, 2020, Defendant filed his Reply.  (ECF No. 146).

On September 15, 2020, Defendant filed a NOTICE OF REPORT

RE: FCI TERMINAL ISLAND AND SUPPLEMENTAL AUTHORITY.  (ECF No. 150).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Ogata is 43 years old.  Defendant is currently incarcerated at the Federal Correctional Institute ("FCI") Terminal Island in California.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration. United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

The Centers for Disease Control has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

I.   **Medical Condition**

   A.   **Current Centers For Disease Control Standards And Defendant's Medical Concerns**

The Centers for Disease Control ("CDC") has explained that,

as of September 17, 2020, people with certain underlying medical conditions are at increased risk for severe illness from COVID-19, including Type 2 diabetes mellitus and obesity. (CDC Coronavirus Disease 2019 (COVID-19) Website, available at http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC AA refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, last visited 9/17/20).

Defendant alleges that he suffers from Type 2 diabetes mellitus and obesity.

### B.    Medical Conclusion

Defendant is 43 years old.  The CDC recognizes that the risk of developing severe illness from COVID-19 increases with age. Those 65 years of age or older are at increased risk and those 85 years and older at the greatest risk.  (https://www.cdc.gov/coronavirus2019-ncov/need-extra-precautions/older-adults.html, last visited 9/15/20).  Defendant's age does not place him in a category of increased risk of complications due to COVID-19.

A review of Defendant's Bureau of Prisons ("BOP") medical records demonstrates that Defendant has been diagnosed with Type 2 diabetes and obesity.  (BOP Medical Records at p. 2, attached as Ex. A to Def.'s Motion, ECF No. 144; BOP Medical Records at p. 3, attached as Ex. C to Def.'s Reply, ECF No. 149).  On June 9, 2020, Defendant was examined by BOP medical doctor Seyed Hosseini, M.D.  (BOP Medical Records at p. 2, attached as Ex. C

to Def.'s Reply, ECF No. 149).  The records indicate that Defendant had mild diabetic retinopathy, but otherwise had no negative symptoms and no complaints concerning his diabetes condition.  (Id.)  Dr. Hosseini altered Defendant's medications by reducing his prescription for metFORMIN and increasing his prescription for Insulin.  (Id.)  Dr. Hossesini also instructed Defendant to reduce his weight given his Body Mass Index of 35.  (Id.)  There is no evidence that Defendant is unable to manage his diabetes or obesity conditions while incarcerated.

Defendant has not established a basis for compassionate release based on his medical issues.  Defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.  United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. 2020); United States v. Carver,   F.Supp.3d   , 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The record demonstrates that Defendant has received and continues to receive appropriate medical care while incarcerated.  (Def.'s BOP medical records attached as Exs. A and C, ECF No. 144, ECF No. 149).  Conditions that can be managed in prison are not a basis for compassionate release.  United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).

11

**II.  Section 3553(a) Factors And Defendant's History and Characteristics**

   **A.  History and Characteristics**

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

   **1.  Defendant's Prior Convictions and Arrests, Prior Felony Drug Conviction, and Violations of Supervised Release**

Defendant has a long history of involvement with the criminal justice system dating back to 1996.  (Presentence Report at p. 7, ECF No. 106).  Defendant has multiple Hawaii State Court convictions for a variety of crimes including Harassment and Abuse of Family/Household Member.  (Id. at pp. 7-9).  Defendant has been arrested for Burglary, Theft, Assault, Promoting a Detrimental Drug, Operating a Vehicle Under the Influence of an Intoxicant, Methamphetamine Trafficking, and Promoting a Dangerous Drug.  (Id. at pp. 10-13).

Defendant was convicted in a prior drug trafficking conspiracy in federal court in 2005 in United States v. Francis

12

Ogata, Crim No. 04-00434 ACK-01. Defendant distributed methamphetamine into the community while engaged in a conspiracy with two other individuals. (Presentence Report at ¶ 37, ECF No. 106 in Crim. No. 12-00190 HG-01). Defendant was sentenced to 25 months imprisonment and 36 months supervised release.

Defendant's supervised release was revoked on May 2, 2008, for three violations of the terms and conditions of his supervised release. (Id.)

### 2. Defendant's Incarceration for Second Felony Drug Conviction and Mandatory Minimum Sentence At The Time Of Sentencing

The crime for which Defendant is currently serving his sentence is for drug trafficking involving the mailing of methamphetamine from Las Vegas to Hawaii. Following a five-day jury trial, Defendant was convicted of distributing large quantities of methamphetamine in the community. (Verdict Form, ECF No. 80). The Government presented the testimony of 14 witnesses and introduced 31 exhibits into evidence. (ECF Nos. 68, 70, 72, 82).

Defendant was 35 years old at the time of his sentencing. Defendant is currently 43 years old. Defendant was found to be in Criminal History Category III based on his prior criminal record. Defendant was sentenced to the statutory mandatory minimum of 240 months imprisonment.

In 2018, the First Step Act reduced the mandatory minimum

sentences for certain repeat offenders from 240 months to 180 months.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 401(c).  Defendant argues that the Court should lower his sentence to 180 months imprisonment based on the change to the statutory mandatory minimum for repeat offenders set forth in the First Step Act.  Congress, however, did not make that provision retroactive.  United States v. Wiseman, 932 F.3d 411, 417 (6th Cir. 2019).  A defendant is not entitled to resentencing pursuant to the First Step Act's change in the mandatory minimum sentences for repeat offenders.  United States v. Asuncion,    F.3d   , 2020 WL 5268519, *5, (9th Cir. Sept. 4, 2020).

The First Step Act specifically provides that the amendments to the mandatory minimum sentences for repeat offenders are only to apply "if a sentence for the offense has not been imposed as of such date of enactment."  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 401(c).  The change in law for mandatory minimum sentences of repeat offenders does not apply retroactively in a motion to reduce sentence.  United States v. Gonzalez-Oseguera, Crim. No. 06-00593 HG-01, 2019 WL 1270916 (D. Haw. Mar. 19, 2019); see United States v. Martin,    F.3d   , 2020 WL 5240648, *8 (2d Cir. Sept. 3, 2020).

Although not a basis for compassionate release by itself, the Court may consider the First Step Act's change in the mandatory minimum sentence in considering the Section 3553(a) factors and the totality of the circumstances in evaluating compassionate release.  See United States v. Cisneros, Crim. No.

99-00107 SOM, 2020 WL 3065103, *3 (D. Haw. June 9, 2020).

### B. Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. <u>United States v. Connell</u>, F.Supp.3d. , 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020). The amount of time served of the originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public. <u>United States v. Barber</u>, F.3d , 2020 WL 2404679, *5 n.9 (D. Ore. May 12, 2020).

At the time he filed his pro se Motion, Defendant served approximately 100 months of his 240 month sentence.

### C. Appropriateness of Immediate Release

The Court finds that the nature and circumstances of Defendant's offense weigh against releasing him into the community. Defendant is serving his second sentence for a federal drug trafficking crime. Defendant was found guilty by a jury of trafficking in highly pure methamphetamine.

Defendant's history and characteristics also do not favor a reduced sentence. Defendant's long criminal history, repeated federal felony drug crimes, poor behavior on supervision, and history of violence demonstrate that he poses a danger to the

15

safety of others and the community. At the time of filing his Motion, Defendant had only served approximately 42% of his mandatory minimum sentence of 240 months. The factors in Section 3553(a) do not support the immediate release of the Defendant.

### III. Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant has not established a basis for compassionate release based on his medical issues. The record does not demonstrate that he is suffering from a terminal health condition or a condition that substantially interferes his ability to provide self-care while incarcerated. Defendant has been able to manage his medical conditions while incarcerated. The record demonstrates that Defendant has received and continues to receive appropriate medical care while incarcerated.

Defendant's long criminal history, poor behavior on supervision, and history of violence demonstrate that he poses a danger to the safety of others and the community. Defendant has a significant portion of his imposed sentence remaining. Defendant has not established that his immediate release is warranted pursuant to the Section 3553(a) factors.

//
//
//
//
//
//

**CONCLUSION**

Defendant's Emergency Motion To Reduce Sentence Under The First Step Act (ECF No. 141) is **DENIED**.

IT IS SO ORDERED.

Dated: September 17, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Francis S.K. Ogata, Sr., Crim. No. 12-00190 HG-01; **ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 141)**