```
             IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )  CR. NO. 12-00190 HG-01
                               )
              Plaintiff,       )
                               )
         vs.                   )
                               )
FRANCIS S.K. OGATA, SR.,       )
                               )
              Defendant.       )
                               )
_____)
```

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S SECOND MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 157)**

Defendant is currently incarcerated at the United States Penitentiary Lompoc in California with a projected release date of February 18, 2028.

Defendant has filed a Second Motion seeking relief pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks a reduction in sentence due to the change in law regarding the mandatory minimum sentence for certain drug crimes as provided in the First Step Act.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's SECOND MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 157) is **GRANTED, IN PART, AND DENIED, IN PART.**

1

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. <u>Dillon v. United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;

```
        ...
                and that such a reduction is consistent with
                applicable policy statements issued by the
                Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).
```

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.    Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant Ogata states that on April 25, 2022, he submitted a second request to the BOP for compassionate release. (Motion at p. 4, ECF No. 157). The Government agrees that Defendant adequately exhausted his administrative remedies for purposes of 18 U.S.C. § 3582, because more than thirty days lapsed before filing his Motion for Compassionate Release.

### B.    Merits Of Defendant's Second Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons."

The Court has the discretion to determine whether extraordinary and compelling reasons exist and is not bound by the definition of "extraordinary and compelling reasons" set forth in the United States Sentencing Guidelines § 1B1.13. <u>United States v. Aruda</u>, 993 F.3d 797, 802 (9th Cir. 2021).

**PROCEDURAL HISTORY**

**I.   PROCEDURAL HISTORY OF DEFENDANT'S FEDERAL DRUG CONVICTION AND SUPERVISED RELEASE VIOLATIONS IN 04-CR-00434 ACK-01**

On November 9, 2004, the Government filed an Information, charging Defendant Francis S.K. Ogata, Sr. with one count of Conspiracy to Possess with the Intent to Distribute 5 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846.  (<u>United States v. Francis Ogata</u>, Crim No. 04-00434 ACK-01, ECF No. 1).

On November 10, 2004, Defendant pled guilty to the one count in the Information.  (ECF No. 2).

On February 28, 2005, Defendant was sentenced to 25 months imprisonment and 3 years of supervised release.  (ECF No. 10).

On August 12, 2005, Defendant was released from incarceration and began serving his term of supervised release.

On April 25, 2008, the Court found that the Defendant violated three conditions of the terms of his supervised release. (ECF Nos. 23 & 26).

## II. PROCEDURAL HISTORY OF DEFENDANT'S FEDERAL DRUG CONVICTION IN 12-CR-00190 HG-01 AND CURRENT TERM OF INCARCERATION

On February 16, 2012, the Government filed a one-count Indictment, charging Defendant with Attempting to Possess with Intent to Distribute 50 grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (United States v. Francis S.K. Ogata, Sr., Crim No. 12-00190 HG-01, ECF No. 10).

On August 29, 2012, the Government filed an INFORMATION TO ESTABLISH PRIOR CONVICTION pursuant to 21 U.S.C. § 851. (ECF No. 31).

On January 11, 2013, after a five-day jury trial, Defendant was convicted of the one count in the Indictment. (ECF No. 80).

On July 1, 2013, Defendant was found to be in Criminal History Category III and was sentenced to 240 months imprisonment, the mandatory minimum sentence applicable given the prior felony drug conviction pursuant to 21 U.S.C. § 851. (ECF No. 102).

On June 20, 2014, the Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence. (ECF No. 120).

On June 8, 2015, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 125).

On December 10, 2015, the Court issued an Order Denying Defendant's Section 2255 Motion. (ECF No. 136).

On June 17, 2020, Defendant filed a pro se Motion seeking compassionate release. (ECF No. 137).

On June 24, 2020, the Court issued a Minute Order appointing the Federal Public Defender's Office to assist Defendant in seeking compassionate release and setting a briefing schedule. (ECF No. 138).

On July 15, 2020, Defendant filed a Supplemental Motion for Reduction in Sentence (Compassionate Release). (ECF No. 141).

On September 17, 2022, the Court issued an ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE). (ECF No. 151).

On September 30, 2020, Defendant filed an appeal to the Ninth Circuit Court of Appeals. (ECF No. 152).

On December 7, 2020, Defendant voluntarily dismissed his appeal. (ECF No. 156).

On August 12, 2022, Defendant filed his Second Motion for Compassionate Release. (ECF No. 157).

On September 14, 2022, the Government filed its Opposition. (ECF No. 160).

On October 14, 2022, Defendant filed his Reply. (ECF No. 161).

The Court elects to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

**ANALYSIS**

Defendant Ogata is 45 years old.  Defendant is currently incarcerated at the United States Penitentiary Lompoc in California.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

### I.  Extraordinary and Compelling Reasons For Reduction Of Defendant's Sentence

Defendant asserts that extraordinary and compelling reasons justify a reduction in his sentence, specifically based on sentencing disparity and his rehabilitation efforts.

Defendant argues that if he was sentenced today he would be subject to a mandatory minimum sentence of 180 months rather than 240 months pursuant to the First Step Act's change in law.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 401; see 21 U.S.C. § 841(b)(1)(A)(viii).

A district court may consider the First Step Act's non-retroactive changes to sentencing law, in combination with other factors particular to the individual defendant, when determining whether extraordinary and compelling reasons exists for granting the motion.  United States v. Chen, 48 F.4th 1092, 1098-99 (9th Cir. 2022).

The Court is not required to reduce Defendant's sentence

pursuant to the First Step Act because it is not retroactive. Musa v. United States, 502 F.Supp.3d 803, 812 (S.D.N.Y. 2020). The Court, however, has discretion to reduce Defendant Ogata's mandatory minimum sentence pursuant to his Motion for Compassionate Release and examination of the Section 3553(a) factors. Chen, 48 F.4th at 1098-99.

Courts may properly consider both the length of a sentence given under the former sentencing regime and the disparity between that sentence and the sentence "Congress now believes to be an appropriate penalty for the defendants' conduct" when evaluating a Motion for Compassionate Release. United States v. McCoy, 981 F.3d 271, 285 (4th Cir. 2020).

**II. Appropriateness Of A Reduction In Sentence**

Defendant Ogata's convictions were for large-scale drug trafficking. Today, it is not mandatory that the Court impose a 240-month sentence for Defendant's second felony drug trafficking conviction.

The disparity between the sentence imposed on the Defendant and the sentence Congress believes to be appropriate pursuant to the First Step Act may constitute extraordinary and compelling reasons for a reduction in Defendant's sentence. Chen, 48 F.4th at 1098-99.

Defendant Ogata's specific circumstances justify a reduction in sentence. See United States v. Lii, 528 F.Supp.3d 1153, 1164-

66 (D. Haw. 2021). Defendant Ogata has demonstrated that he has been continuously enrolled in courses while incarcerated, and he has completed numerous rehabilitative classes. (Ex. C, attached to Def.'s Motion, ECF No. 157-3). Defendant Ogata successfully completed the Dental Assistant Apprenticeship Program and worked in the dental unit at Terminal Island for several years. (Ex. D, attached to Def.'s Motion, ECF No. 157-4). Defendant Ogata's disciplinary record while incarcerated demonstrates no infractions in the past nine years. (Ex. E, ECF No. 157-5).

The Court balances his rehabilitative efforts and the disparity in sentencing along with the nature and circumstances of Defendant's offense and the history and character of the Defendant.

Defendant was convicted in a prior drug trafficking conspiracy in federal court in 2005 in United States v. Francis Ogata, Crim No. 04-00434 ACK-01. Defendant distributed methamphetamine into the community while engaged in a conspiracy with two other individuals. (Presentence Report at ¶ 37, ECF No. 106 in Crim. No. 12-00190 HG-01). Defendant was sentenced to 25 months imprisonment and 36 months supervised release.

Defendant's supervised release was revoked on May 2, 2008, for three violations of the terms and conditions of his supervised release. (Id.)

The crime for which Defendant is currently serving his sentence is for drug trafficking involving the mailing of

methamphetamine from Las Vegas to Hawaii.  Following a five-day jury trial, Defendant was convicted of distributing large quantities of methamphetamine in the community.  (Verdict Form, ECF No. 80).

Defendant is currently 45 years old.  Defendant Ogata has already served approximately 125 months imprisonment.  Defendant points out that if he was sentenced today his sentencing guidelines would likely be between 188-235 months.  (Reply at p. 2, ECF No. 161).

The Court finds that a reduction in sentence is warranted.  A reduction from 240-months imprisonment to 200-months imprisonment is appropriate given all of the Section 3553(a) factors, including the nature and circumstances of the offense, Defendant's history, characteristics, age, and the change in law.

//
//
//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

Defendant's Second Motion To Reduce Sentence Under The First Step Act (ECF No. 157) is **GRANTED, IN PART, AND DENIED, IN PART.**

Defendant's Motion is **GRANTED** to the extent his sentence is reduced from a term of 240 months imprisonment down to 200 months imprisonment as to Count 1 of the Indictment.

All other aspects of Defendant's sentence remain unchanged.

IT IS SO ORDERED.

Dated: November 29, 2022, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Francis S.K. Ogata, Sr., Crim. No. 12-00190 HG-01; **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S SECOND MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 157)**     11